IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cheryl M. Smith,

    Plaintiff,

  v.                           Case No. 2:20-cv-95

Commissioner of
Social Security,

    Defendant.

OPINION AND ORDER

    Plaintiff Cheryl M. Smith brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits. Plaintiff's request for benefits was originally denied on July 3, 2017, and plaintiff filed an action challenging that decision. The case was remanded to the Commissioner for further proceedings at the joint request of the parties. The administrative law judge ("ALJ") issued a decision on September 9, 2019. The ALJ found that plaintiff has severe impairments consisting of degenerative disc and joint disease of the spine, status post remote lumbar laminectomy in September 2005, with residual pain syndrome; obesity; a depressive disorder; a bipolar disorder; and a generalized anxiety disorder. PAGEID 778. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with certain physical limitations. As to her mental conditions, plaintiff was limited to performing simple, routine, repetitive tasks without strict production rates or fast-paced work, with no interaction with the public and only occasional interaction with coworkers. PAGEID 782. After considering the testimony of a vocational

expert, the ALJ concluded that there are a significant number of jobs which plaintiff could perform, and that she is not disabled. PAGEID 798-99. This matter is now before the court for consideration of plaintiff's August 26, 2020, objections to the August 13, 2020, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial

evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the conclusion of the magistrate judge that the ALJ properly considered the opinions of plaintiff's treating psychologist, Gary Wolfgang, Ph.D., and gave good reasons for the weight assigned to those opinions. Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the

3

degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. However, a formulaic discussion of these factors is not required. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, an ALJ need not discuss every piece of evidence in the record for his decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004).

The record includes two opinions from Dr. Wolfgang. The first is a May 9, 2016, letter sent by Dr. Wolfgang to plaintiff's counsel. PAGEID 416, Ex. B10F. Dr. Wolfgang noted that he began seeing plaintiff in early December, 2015, and that plaintiff manifested severe depressive symptoms and noticeable pain-related behaviors over the span of eight sessions. PAGEID 416. Dr. Wolfgang opined that these symptoms and behaviors, which wax and wane from day to day, were significantly impairing at their worst and were still noticeable, albeit less severe, at their best. PAGEID 416-17. Dr. Wolfgang noted that plaintiff was often significantly tearful, lacking in energy and motivation, helpless

and hopeless. He reported that plaintiff had severe periods of pain and had great difficulty getting out of bed or maintaining daily activities on some days. He stated that plaintiff cried for entire sessions on multiple occasions, and that she demonstrated difficulty in walking, shifting in her seat, and grimacing from pain. Dr. Wolfgang opined that during episodes of severe pain, plaintiff would have difficulty working for an hour, and that on days when the pain is less severe, it would be questionable for her to be able to work more than half a day. Dr. Wolfgang noted that plaintiff was undergoing psychiatric treatment elsewhere, that she would soon be prescribed an additional antidepressant that she anticipated would help alleviate her depression, and that she would be commencing physical therapy and seeing a pain specialist in the near future. PAGEID 417.

The court agrees with the conclusion of the magistrate judge that the ALJ properly considered this opinion and adequately explained why she was giving it little weight. The ALJ noted that Dr. Wolfgang was a psychologist and a clinical counselor who saw plaintiff for counseling only, and that plaintiff's medication was managed elsewhere. PAGEID 795. The ALJ commented that at the time of the May, 2016, letter, Dr. Wolfgang had seen plaintiff for only eight treatment sessions over the span of six months, and "had not established a longitudinal treatment relationship" with plaintiff. *See* 20 C.F.R. §404.1527(d)(2)(i)("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."). The ALJ further observed that Dr. Wolfgang relied on plaintiff's subjective reports concerning her physical and substance abuse histories but did not verify those reports.

5

The ALJ noted that Dr. Wolfgang reported that improvement was possible when antidepressant medications were prescribed, but did not indicate how the impact of treating plaintiff's pain would affect her mental symptoms. PAGEID 795.

The ALJ appropriately considered that Dr. Wolfgang's opinions were inconsistent with other physical evidence, noting specifically that during 2016, plaintiff had 5/5 strength in the upper and lower extremities, normal reflexes, negative straight leg testing, intact sensation and full range of motion in the hips and walked without an ambulatory aid. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006)(ALJ's statement that the treating physician's opinions were "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record" was a specific reason for not affording controlling weight to the opinion, and the ALJ did not violate any procedural right to an adequate explanation). The ALJ further remarked that plaintiff did not require emergent treatment for acute symptom exacerbation or inpatient treatment during this time, and that Dr. Wolfgang's opinion was not supported by his own treatment notes, which showed less stress and adequate progress in plaintiff's mental health counseling with the use of medication. PAGEID 795-96 (citing Exhibit B19F, pp. 2-6).

Dr. Wolfgang also completed a medical source checkbox form dated May 8, 2016. Dr. Wolfgang concluded that plaintiff had moderate limitations in the area of social interaction, mild to extreme limitations in the areas of sustained concentration and persistence, and a range of limitations in the area of adapting to workplace settings, procedures, instructions and pressures. PAGEID 418-420. He indicated that the restrictions noted had existed

6

since February 1, 2014.  PAGEID 420.

Courts have upheld the decision of an ALJ to assign little weight to an opinion from a treating source on a checkbox form where, as here, the physician provided little or no explanation for the restrictions and cited no supporting objective medical evidence. *See Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997).  The ALJ is also not required to address each check mark on the form.  *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018).  However, in this case, the ALJ discussed the checkbox form opinion at considerable length.

The ALJ gave little weight to the opinion that the noted restrictions had existed since February 1, 2014, because Dr. Wolfgang did not begin treating plaintiff until December, 2015, and because this date had been typed on the form and was not written in by Dr. Wolfgang.  PAGEID 796.  The ALJ gave less weight to Dr. Wolfgang's opinion that plaintiff would decompensate if placed under work stress.  The ALJ noted that Dr. Wolfgang's opinion in that regard was based on the fact that plaintiff had previously increased her prescription drug use when working.  The ALJ observed that: plaintiff increased her prescription drug use and eventually started using heroin because she was addicted to opiates; there was no evidence that stress from work caused her to use more drugs; plaintiff went through detoxification in 2014 (plaintiff reportedly did not use opiates after that, although she continued to use marijuana on occasion); plaintiff did not require emergent treatment for acute mental health symptom exacerbation or require inpatient hospitalization for mental instability during the period

under adjudication; and plaintiff's mental symptoms were generally well controlled with conservative counseling and the use of prescribed medications. PAGEID 796. *See Lester v. Social Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015)(ALJ properly considered conservative treatment in concluding that claimant was not suffering from disabling impairments).

    The ALJ gave some weight to the opinion that plaintiff would do better in a position that did not require interaction with others. PAGEID 796. In fact, the RFC specified that plaintiff was to have no interaction with the public and only occasional interaction with coworkers. PAGEID 782. Although plaintiff argues that the ALJ erroneously remarked on the absence of breakthrough mental health symptoms, the ALJ acknowledged in discussing the form opinion that the "record does support breakthrough mental symptoms of anger, irritability, tearfulness, and worry, and that plaintiff has some social anxiety." PAGEID 796. The ALJ concluded that the although the record supported limiting interaction with others, it would not support a requirement of total isolation from others, noting that plaintiff was able to live with others, interact with friends, attend NA meetings, walk in the neighborhood, attend treatment sessions and consult with medical providers. PAGEID 796. The ALJ also gave some weight to the limitations noted on the checkbox form, concluding that the record "does support breakthrough mental health symptoms despite medications and counseling" but that plaintiff's "medications were adjusted and she continued to receive conservative care." PAGEID 796.

    The plaintiff objects to the magistrate judge's consideration of other portions of the ALJ's decision which also support the ALJ's reasoning for the weight assigned to Dr. Wolfgang's opinions.

8

There is no rule that all of the good reasons for assigning a particular weight to a treating source's opinions have to be included in the same paragraph in the decision. The ALJ may also accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2006). The magistrate judge properly examined the record evidence as a whole in deciding whether the ALJ's evaluation of Dr. Wolfgang's opinions was based on substantial evidence. It is the function of the magistrate judge and this court to review the record to determine whether the Commissioner's decision is supported by substantial evidence. *Ealy*, 594 F.3d at 512; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(review of the Commissioner's findings must be based on the record as a whole).

    The ALJ thoroughly summarized plaintiff's hearing testimony and the treatment records relating to her back problems and her mental health conditions. PAGEID 783-90. Plaintiff argues that the ALJ gave conclusory references to improvement without context or reference. However, the ALJ's review of plaintiff's mental health documents refers to specific records by date and exhibit numbers, and summarizes both normal as well as troublesome exam findings. *See* PAGEID 788-89. The ALJ commented on Dr. Wolfgang's treatment notes, which, the ALJ observed, "support a waxing and waning of her mental symptoms" but also showed that plaintiff made progress through counseling and medication. PAGEID 789. The ALJ

9

discussed plaintiff's conservative treatment, noting that her treatment did not include inpatient hospitalization of extended duration or recurrent emergent treatment for acute mental health symptom exacerbation. PAGEID 789. The ALJ also properly considered plaintiff's daily activities in evaluating whether plaintiff is disabled. *See* 20 C.F.R. §404.1529(c)(3)(i); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007). The ALJ noted that plaintiff: had resided with family members; was capable of caring for her own personal needs, including hygiene and grooming; helped her children to get ready for school and to do homework; performed household chores such as washing dishes, cleaning the bathroom, doing laundry, and preparing meals; attended religious services and NA meetings, talked with friends, walked in the neighborhood, and managed her medical care and appointments. PAGEID 791.

The court concludes that the ALJ properly considered the opinions of Dr. Wolfgang as a treating source and gave good and sufficient reasons for the weight assigned to those opinions.

III. Conclusion

For the reasons stated above, the court overrules the plaintiff's objections (Doc. 13), and adopts and affirms the magistrate judge's report and recommendation (Doc. 12). The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

Date: October 15, 2020             s/James L. Graham
                                   James L. Graham
                                   United States District Judge